JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

VINCENT AND MARJORIE LASORA

**(b)** County of Residence of First Listed Plaintiff      **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**
Matthew B. Weisberg, Esquire
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

## DEFENDANTS

AMERIQUEST MORTGAGE COMPANY AND BLS FUNDING CORP

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Sandhya M. Feltes, Esquire   (See Attached)
Kaplin Stewart
910 Harvest Drive, Blue Bell, PA 19422

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☒ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1635

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  3/2/06

SIGNATURE OF ATTORNEY OF RECORD   *Sandhya M. Feltes*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Vincent and Marjorie Lasorsa      :           CIVIL ACTION

v.                           :

                              :

Ameriquest Mortgage Company and  :        NO.
BLS Funding Corporation

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits      ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.      (x)

3/2/06
**Date**

_Sandhya N. Feltes_
**Attorney-at-law**

Ameriquest Mortgage Company
**Attorney for**

610-941-2561
**Telephone**

610-684-2011
**FAX Number**

sfeltes@kaplaw.com
**E-Mail Address**

APPENDIX F

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1334 Limekiln Pike, Dresher, PA

Address of Defendant: 1100 Town and Country Road, Orange, CA

Place of Accident, Incident or Transaction: Montgomery County
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
     (Please specify)

     TILA, Negligence

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Sandhya M. Felter_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 3/2/06     _Sandhya M. Felter_     58751
                  Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/2/06     _Sandhya M. Felter_     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT AND MARJORIE LASORSA | : | CIVIL ACTION |
| INDIVIDUALLY AND AS H/W | : | No. |
| 1334 Limekiln Pike | : | |
| Dresher, PA 19025 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMERIQUEST MORTGAGE COMPANY | : | |
| 1100 Town and Country Road | : | |
| Orange, CA 92868 | : | |
| and | : | |
| BLS FUNDING CORP. | : | |
| 125 Jerico Turnpike | : | |
| Jerico, N.Y. 11753 | : | |
| Defendants | : | |

## NOTICE OF REMOVAL

Defendants, Ameriquest Mortgage Company and BLS Funding Corp., by and through their counsel, hereby remove this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, for the following reasons:

1.      Plaintiffs,  Vincent and Marjorie Lasorsa, commenced this action by Complaint filed on  February 3, 2006, in the Court of Common Pleas, Montgomery County, Pennsylvania, No. 06-02581 (hereinafter the "State Court Action").   A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.      The Complaint is the initial pleading received by Defendants setting forth the claims for relief upon which Plaintiffs' action is based. *See* 28 U.S.C. §1446(b).

3.      The Complaint was served upon Defendants by mail on February 9, 2006.

SMF/7267/71/775613_1

4.     The Complaint constitutes all records and proceedings to date in the State Court Action.

5.     As set forth in detail below, this matter may be removed to this Court because there is diversity jurisdiction under 28 U.S.C. §1441(b).

6.     Plaintiffs are an adult individuals residing in Dresher, Pennsylvania, and are citizens of the Commonwealth of Pennsylvania. *See* Complaint at paragraph 1.

7.     Defendant, Ameriquest Mortgage Company ("Ameriquest"), is a Delaware corporation with its principal place of business in Orange, California. *See* Complaint at paragraph 2.

8.     Defendant, BLS Funding Corp. is a New York corporation with its principal place of business in Jericho, New York. *See* Complaint at paragraph 3.

9.     Accordingly, none of the named defendants are citizens of the Commonwealth of Pennsylvania.

10.    The Complaint seeks recovery of damages in excess of $75,000.00.    Plaintiffs seek recovery of compensatory and consequential damages, plus interest, counsel fees, costs, and punitive damages. *See* Complaint at Counts I through IX.   Further, Plaintiffs seek recovery of damages under 73 P.S. §201-9.2, including recovery of three times the actual damages suffered by Plaintiffs (which Plaintiffs aver to be in excess of $50,000.00). *See* Complaint. Plaintiffs also seek to have their loan (with an original principal amount of $483,000) to be declared unenforceable. Thus, the amount in controversy well exceeds $75,000.00.

11.     Because diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000.00, this Court has original jurisdiction of this action pursuant to 28 U.S.C.§ 1332(a).  Accordingly, this matter may be removed to this Court pursuant to 28 U.S.C. §1441(b).


Sandhya M. Feltes, Esquire
KAPLIN STEWART
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
610-941-2561
610-684-2011 (fax)
*Attorney for Defendant,*
*Ameriquest Mortgage Company*

Kimberly Frascella, Esquire
MARKS, O'NEILL, O'BRIEN &
COURTNEY
1880 JFK BLVD., Suite 1200
Philadelphia, PA 19103
215-564-6688
215-564-2526
*Attorney for Defendant,*
*BLS Funding Corp.*

3

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

LaSorsa, Vincent, et al                    :

VS.                                        :    NO. 06-02581

Americaneyst, et al                         :

*Handwritten in right margin: 06 FEB -3 AM 9: 03 — OFFICE OF THE PROTHONOTARY MONTGOMERY COUNTY, PA.*

## CIVIL COVER SHEET

Local Rule 205.2(b) requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| **Commencement of Action:** *(check one)* | **Amount in Controversy:** |
|---|---|
| ☒ Complaint  ☐ Petition  ☐ Notice of Appeal | ☐ $50,000 or less |
| ☐ Writ of Summons  ☐ Transfer From Other Jurisdiction | ☒ More than $50,000 |
| ☐ Declaration of Taking | |

**Case Type and Code** (*check the most specific classification ONLY*):

| **Appeals** | **Real Property** | **Negligence** |
|---|---|---|
| ☐ DJ – Money Judgment | ☐ Ejectment | ☐ Motor Vehicle |
| ☐ DJ – Landlord/Tenant | ☐ Quiet Title | ☐ Premises Liability |
| ☐ Drivers License Suspension | ☐ Mechanics Lien | ☐ Product Liability |
| ☐ Vehicle Registration Suspension | ☐ Mortgage Foreclosure | ☐ Asbestos |
| ☐ Local Agency | ☐ Partition | ☐ Other Toxic Tort |
| ☐ Board of Assessment | ☐ Replevin | ☐ Other |
| ☐ Zoning/Land Use | ☒ Other | |
| | | **Miscellaneous** |
| **Contract** | **Professional Liability** | ☐ Appointment of Arbitrator |
| ☐ Construction | ☐ Medical | ☐ Class Action |
| ☐ Employment | ☐ Dental | ☐ Confession of Judgment |
| ☐ Other | ☐ Legal | ☐ Debt Collection |
| | ☐ Other | ☐ Eminent Domain |
| **Intentional Tort** | | ☐ Name Change |
| ☐ Assault/Battery | **Equitable Relief** | ☐ Wrongful Death |
| ☐ Libel/Slander | ☐ Declaratory Judgment | |
| ☐ Fraud | ☐ Mandamus | |
| ☐ Other | ☐ Other | |

**Other**  : _____

      (specify)

PROCHNIAK, POET & WEISBERG
ATTORNEYS AT LAW
Attorney I.D. No. 85570
7 SOTUH MORTON AVENUE
MORTON, PA 19070
(610) 690-0801                                        Attorney for Plaintiffs
-------------------------------------------------------------------------------------------------
IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| VINCENT AND MAJORIE LASORA , | : | |
| INDIVIDUALLY AND AS H/W | : | |
| 1334 LIMEKILIN PIKE | : | Jury Trial Demanded |
| DRESHER, PA 19025 | : | |
|       PLAINTIFF'S, | : | |
|   VS. | : | |
| AMERIQUEST MORTGAGE CO. | : | |
| 1100 TOWN AND COUNTRY ROAD | : | |
| ORANGE, CA 92868 | : | |
|       and | : | |
| BLS FUNDING CORP. | : | |
| 125 JERICO TURNPIKE | : | |
| JERICO, NY 11753 | : | |
|       DEFENDANT'S | : | |

## NOTICE TO DEFEND

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCIATION
100 WEST AIRY STREET (REAR)
NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

PROCHNIAK, POET & WEISBERG, P.C.
7 SOUTH MORTON AVENUE
MORTON, PA  19070
ATTORNEY ID:  85570
610-690-0801

THIS IS A MAJOR JURY
MATTER.  ASSESSMENT OF
DAMAGES REQUIRED

---

VINCENT AND MARJORIE LASORSA,          :
INDIVIDUALLY AND AS H/W                        :
1334 LIMEKILN PIKE                                    :
DRESHER, PA  19025                                   :
     Plaintiffs,                                          :

COURT OF COMMON PLEAS
MONTGOMERY COUNTY

No.: 06 - 02581

:
     v.                                                          :
                        :

AMERIQUEST MORTGAGE CO.                   :
1100 TOWN AND COUNTRY ROAD.             :
ORANGE, CA  92868                                    :
        and                                                    :
BLS FUNDING CORP.                                  : Jury of Twelve (12) Jurors Demanded
125 JERICO TURNPIKE                               :
JERICHO, NY  11753                                   :
     Defendants.                                         :

OFFICE OF THE PROTHONOTARY MONTGOMERY COUNTY. PA. 06 FEB -3 AM 9:03

## CIVIL ACTION COMPLAINT

    1.    Plaintiffs, Vincent and Marjorie LaSorsa, are individuals and husband and

wife, at all times material hereto principally residing at the above-captioned address

(hereinafter "Premises").

    2.    Defendant, Ameriquest Mortgage Co ("Ameriquest"), is a

corporation duly existing under and by virtue of the laws of the State of California, doing

business in Montgomery County, Pennsylvania, and maintaining a principal place of

business at the above-captioned address with agents authorized to receive service of

process at that address.

    3.    Defendant, BLS Funding Corp. ("BLS"), is a corporation duly existing

under and by virtue of the laws of the State of New York, doing business in Montgomery

County, Pennsylvania, and maintaining a principal place of business at the above-captioned address with agents authorized to receive service of process at that address..

4.   At all times material, Defendants acted as individuals and/or by and through their agents, officers, directors, servants, workmen, and employees, who were acting within the authorized scope and course of their employment and/or agency for Defendants.

5.   At all times material, Defendant, Ameriquest, acted as Plaintiffs' mortgage lender, and Defendant, BLS, acted as Plaintiffs' mortgage broker, each acting as individuals and/or agents, representatives and/or alter egos of each other.

6.   At all times material, Plaintiffs were borrowers and/or mortgagees, allegedly subject and/or parties to a mortgage and note ("loan documents") dated August 28, 2002 ("closing date").  (see attached  Exhibit "A").

7.   Prior to the closing date, Plaintiffs advised Defendant, BLS, that Plaintiffs intended to refinance the subject loan within approximately six ("6") months after the closing date and objected to any pre-payment penalty which could otherwise cause Plaintiffs to incur an unnecessary and cost prohibitive penalty.

8.   In response to Plaintiffs' above objection, Defendant, BLS, intentionally and fraudulently materially misrepresented to Plaintiffs that the aforesaid pre-payment penalty would be waived by Defendant, Ameriquest, same would be reflected in the subject loan documents at the closing date, and Plaintiffs should proceed to sign said loan documents at that time.

9.   At the closing and in detrimental reliance upon Defendant, BLS'

intentional and fraudulent material misrepresentations, the loan documents were executed by Plaintiffs.

10.     As previously indicated to Defendant, BLS, approximately six (6) months thereafter the closing date, Plaintiffs contacted Defendant, BLS, with a view to refinancing the subject loan only to be advised by said defendant that plaintiffs were effectively prevented from doing so due to the aforesaid disguised and hidden two (2) year prepayment penalty.

11.     Upon further inspection of the documents surrounding the subject brokerage and loan, Plaintiffs discovered that the signatures affixed to Defendant, BLS' brokerage fee agreement(s) (in the possession of Defendants) appear to be forged by either or both of Defendants, as are the Good Faith Estimate(s) of closing costs.

12.     At all times material, Defendants conspired to act and/or acted individually as Predatory Lenders, intentionally and knowingly with reckless disregard for the rights and otherwise vulnerable position of Plaintiffs to Plaintiffs detriment and injury and Plaintiffs enrichment.

<u>**COUNT I**</u>
**NEGLIGENCE**

13.     Paragraphs 1-12 above are incorporated by reference as if fully set forth at length herein.

14.     As a direct result of Defendants intentional, negligent, careless, and/or reckless misconduct, Defendants were inappropriately enriched to Plaintiffs' detriment, damage and injury, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to, Plaintiffs':

    a.   financial injury, including unnecessarily high interest rates, closing costs, brokerage fee(s), and such other and further injury directly and/or consequentially resulting from same;

    b.   humiliation, embarrassment, emotional distress, inconvenience and annoyance;

    c.   attorneys fees, expenses and costs;

    d.   damage to credit-worthiness and credit score;

    e.   bankruptcy and the direct and/or consequences of same, including attorneys fees, expenses and costs; and

    f.   such other and further injury as may be revealed throughout continuing discovery and/or at trial.

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), plus such other and further relief as this Honorable Court deems necessary and just.

## COUNT II
## TILA

15.    Paragraphs 1-14 above are incorporated by reference as if fully set forth at length herein.

16.    At all times material, Defendants, in the ordinary course of business, extended and/or arranged for the extension of consumer credit and/or offered to extend or arrange for the extension of such credit.

17.    The aforesaid loan was a residential mortgage loan subject to Plaintiffs' right of rescission as described by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

18.    In said loan transaction, Plaintiffs did not receive the disclosures required

by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601, et. seq. and Regulation Z of

the Federal Reserve Board ("Regulation Z"), 12 C.F.R §226.1 et seq., including, but not

limited to, notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15

U.S.C. §1639(a) ("HOEPA").

19.   Defendants failed to deliver all "material" disclosures required by TILA

and Regulation Z, including, *inter alia*:

      (a) Failing to properly and accurately disclose the "amount
          financed," as described in and in violation of Regulation Z
          §226.18(b) and 15 U.S.C. §1638(a)(2)(A);

      (b) Failing to clearly and accurately disclose the "finance
          charge" as described in and in violation of Regulation Z
          §226.4 and 15 U.S.C. §1638(a)(3);

      (c) Failing to clearly and accurately disclose the "annual
          percentage rate" as described in and in violation of Regular Z
          §226.18(e) and 15 U.S.C. §1638(a)(4);

      (d) Failing to comply with the special disclosure requirements of
          Regulation Z §226.32; and

      (e) Failing to timely provide each Plaintiff with two (2) copies of
          a Notice of his/her Rights to Rescind the Transaction
          pursuant to TILA and/or HOEPA.

20.   Due to the violations of TILA and Regulation Z, Plaintiffs

have an ongoing right to rescind the transaction until receipt of all "material" disclosures

pursuant to TILA and Regulation Z.

21.   Defendants have previously rescinded the loan greater than twenty days

prior to the filing of this complaint, and Defendants have taken no action to rescind the

loan in contravention of their responsibilities under TILA.

22.   To the extent this court may find that Plaintiffs have not already rescinded

the loan, Plaintiffs do hereby exercise their right to rescind same and this Complaint shall

hereby constitute Plaintiffs' Notice of Rescission pursuant to TILA, 15 U.S.C. §1601, et

seq., to which Defendants have twenty (20) days to respond.

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and severally, in an amount in excess

of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court

deems necessary and just, and to Order the following relief:

      a. Rescission of the August 28, 2002 loan, including a declaration that
Plaintiffs are not liable for any finance charges or other charges
imposed by Defendants;

      b. Termination of any security interest in Plaintiffs' property which may
have been created under the loan;

      c. Return of any money or property given by the Plaintiffs to anyone,
including the Defendants, in connection with the transaction;

      d. Statutory damages;

      e. Forfeiture and return of loan proceeds;

      f. Actual damages in an amount to be determined at trial;

      g. Attorneys fees and expenses, and costs of suit; and

          i. Actual damages;

          ii. Treble damages;

         iii. Attorneys fees and expenses, and costs of suit; and

         iv. Punitive Damages.

## COUNT III
## HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994 ("HOEPA")

23. Paragraphs 1-22 above are incorporated by reference as if fully set forth

at length herein.

24. The August 28, 2002, loan was a high rate mortgage within the meaning

of 15 U.S.C. §1602(aa)(1)(B), in that the total points and fees Defendants charged

Plaintiffs, in addition to interest, exceeded eight percent of the total loan amount or in

that the APR trigger pursuant to HOEPA was met with respect to the transaction.

25. Because the transaction met the statutory definition of a

high rate mortgage, it was subject to the additional disclosure requirements imposed by

the TILA amendments contained in the Home Ownership and Equity Protection Act of

1994, 15 U.S.C. §1639(a).

26.    The aforesaid additional disclosures must be provided three

days in advance of the consummation of the transaction pursuant to 15 U.S.C. §1639(b).

27.    Defendants did not comply with their statutory requirements.

28.    Defendants' failure to provide Plaintiff with an accurate

and timely HOPEA disclosure, as required by law, constitutes a "material" disclosure

violation, TILA, 15 U.S.C. §1602(u)(as amended), Regulation Z §226.23 (as amended).

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and severally, in an amount in excess

of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court

deems necessary and just, and to Order the following relief:

        a.  Rescission of the August 28, 2002 loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

        b.  Termination of any security interest in Plaintiffs' property which may have been created under the loan;

        c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

        d.  Statutory damages;

        e.  Forfeiture and return of loan proceeds;

        f.  Actual damages in an amount to be determined at trial;

        g.  Attorneys fees and expenses, and costs of suit; and

             i.    Actual damages;

             ii.   Treble damages;

             iii.  Attorneys fees and expenses, and costs of suit; and

             iv.   Punitive Damages.

**COUNT IV**
**RESPA**

29.    Paragraphs 1-28 above are incorporated by reference as if fully set forth at length herein.

30.    At all times material, Plaintiffs made written requests and complaints to defendants.

31.    The aforesaid requests constitute "Qualified Written Requests" pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, et seq.

32.    Defendants, however, failed to respond in accordance with RESPA.

33.    Further, Defendants failed to provide Plaintiffs with an appropriate written explanation or clarification as to why the Defendants believe the account to be accurate as determined by Defendants.

34.    Defendants also failed to provide Plaintiffs with the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the Plaintiff as required by RESPA.

35.    More than sixty (60) days have elapsed since Defendants' receipt of Plaintiffs' Qualified Written Request and Defendants failed to take appropriate action with respect to Plaintiffs' inquiry in accordance with 12 U.S.C. §2605(e)(2).

36.    Plaintiffs have been damaged by the unlawful conduct and material misrepresentations of the defendants and by the negligence of the defendants.

37.    Defendants' improper conduct was willful, knowing, wonton and in reckless disregard to the rights of Plaintiffs.

38.    At all times material, Defendants were and/or remain creditors within the meaning of the 15 U.S.C. §1601, et seq. and therefore 12 U.S.C. §2601, et seq. applies and requires the Defendants to comply with its loan servicing provisions.

39.     The transaction in this case were "federally related mortgage loans" within the meaning of RESPA.

40.     By and through their aforesaid actions, Defendants violated are liable to Plaintiffs under RESPA.

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a.  Rescission of the August 28, 2002 loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

    b.  Termination of any security interest in Plaintiffs' property which may have been created under the loan;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

    d.  Statutory damages;

    e.  Forfeiture and return of loan proceeds;

    f.  Actual damages in an amount to be determined at trial;

    g.  Attorneys fees and expenses, and costs of suit; and

        i.  Actual damages;

        ii.  Treble damages;

        iii.  Attorneys fees and expenses, and costs of suit; and

        iv.  Punitive Damages.

## COUNT V
## EQUAL CREDIT OPPORTUNITY ACT ("ECOA")

41.     Paragraphs 1-40 above are incorporated by reference as if fully set forth at length herein.

42.     Plaintiffs made an application for credit and Defendants made a counter-offer to their completed credit application, offering to lend them more money than they sought and/or offering to lend on different terms than those sought by Plaintiffs.

43.    Defendant did not notify Plaintiffs of their counter-offer or reasons for

denying their credit application prior to the loan closing, in violation of 15 U.S.C.

§1694(e).

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and severally, in an amount in excess

of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court

deems necessary and just, and to Order the following relief:

      a.  Rescission of the August 28, 2002 loan, including a declaration
         that Plaintiffs are not liable for any finance charges or other
         charges imposed by Defendants;

      b.  Termination of any security interest in Plaintiffs' property
         which may have been created under the loan;

      c.  Return of any money or property given by the Plaintiffs to
         anyone, including the Defendants, in connection with the
         transaction;

      d.  Statutory damages;

      e.  Forfeiture and return of loan proceeds;

      f.  Actual damages in an amount to be determined at trial;

      g.  Attorneys fees and expenses, and costs of suit; and
          i.  Actual damages;
         ii.  Treble damages;
        iii.  Attorneys fees and expenses, and costs of suit; and
        iv.  Punitive Damages.

## COUNT VI
### FRAUD

44.    Paragraphs 1-43 above are incorporated by reference as if fully set forth at

length herein.

45.    Defendants intentionally misrepresented and/or omitted material facts to

Plaintiffs, including the aforesaid (incorporated herein by reference) and as more further

described as following, but not limited to:  (a) that the loan was beneficial to Plaintiffs,

when it was not; (b) that their fees were usual and customary, when they were not; (c)

hat their fees were a part of the finance charge and/or amount financed, when they were

not; (d) that their loans were conventional and fixed, when they were not; and (d) that

certain amounts were due and owing, when they were not.

46.     The aforesaid intentional misrepresentations and/or omissions were made

in an attempt to procure pecuniary gain from a security interest in Plaintiffs' home and

monetary consideration from the Plaintiffs and/or otherwise form the proceeds of the

loan.

47.     As the intended result of the aforesaid fraud, Plaintiffs reasonably relied

upon said misrepresentations and/or omissions to their detriment.

48.     As the direct and proximate results of the said fraud, Plaintiffs

have sustained the aforesaid damages (incorporated by reference).

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment in their

favor and against Defendants, individually, jointly and severally, in an amount in excess

of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court

deems necessary and just, and to Order the following relief:

      a. Rescission of the August 28, 2002 loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

      b. Termination of any security interest in Plaintiffs' property which may have been created under the loan;

      c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

      d. Statutory damages;

      e. Forfeiture and return of loan proceeds;

      f. Actual damages in an amount to be determined at trial;

      g. Attorneys fees and expenses, and costs of suit; and

          i. Actual damages;

          ii. Treble damages;

          iii. Attorneys fees and expenses, and costs of suit; and

          iv. Punitive Damages.

## COUNT VII
## BREACH OF CONTRACT

49.     Paragraphs 1-48 above are incorporated by reference as if fully set forth at length herein.

50.     At all times material, Plaintiffs and Defendants were parties to the aforesaid express contract(s) (incorporated by reference) and/or contract(s) implied at law.

51.     By and through their aforesaid actions, Defendants breached their express and/or implied contractual duties.

52.     As a direct and proximate result of the said breach of contract, Plaintiffs have sustained damages (incorporated by reference).

*WHEREFORE*, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the August 28, 2002 loan, including a declaration that
       Plaintiffs are not liable for any finance charges or other charges
       imposed by Defendants;
    b. Termination of any security interest in Plaintiffs' property which may
       have been created under the loan;
    c. Return of any money or property given by the Plaintiffs to anyone,
       including the Defendants, in connection with the transaction;
    d. Forfeiture and return of loan proceeds;
    e. Actual damages in an amount to be determined at trial; and
    f. Attorneys fees and expenses, and costs of suit;

## COUNT VIII
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT ("FCEUA")

53.     Paragraphs 1-52 above are incorporated by reference as if fully set forth at

length herein.

54.    Defendants sent communications to Plaintiffs in an attempt to collect the mortgage debt

55.    The collection of a debt in Pennsylvania is regulated by the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. C.S. §2270.1 et seq., and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1, et seq.

56.    Defendants are "debt collectors" or "creditors" pursuant to 73 Pa.C.S. §2270.3.

57.    The alleged debt Defendants were attempting to collect is a "debt" as defined by 73 Pa.C.S. §2270.3.

58.    Violations of the FCEUA are a per se violation of the UTPCPL.

59.    After the failure of Defendants to rescind the loans, Plaintiffs did not owe any further amounts to Defendants.

60.    To the extent Plaintiffs did owe any further amounts, the amounts alleged to be due and owing by Defendants were false.

61.    The aforesaid actions of Defendants constitute unfair methods of competition and/or unfair and deceptive acts and practices with in the meaning of the FCEUA and UTPCPL, and by and through the following actions, *inter alia*:

        a.  Using unfair and unconscionable collection methods;

        b.  Giving a false impression of the character, amount or legal status of the alleged debt;

        c.  Using false and deceptive collection methods;

        d.  Making threats and/or taking illegal action; and

e. Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect and/or attempt to collect a debt

62.    Defendants actions described above were done with intentional, willful, reckless, wonton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing plaintiff to pay the alleged debt.

63.    As a direct and proximate results of the said actions, Plaintiffs have suffered financial harm and ascertainable loss (incorporated by reference).

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief pursuant:

a. Rescission of the August 28, 2002 loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;
b. Termination of any security interest in Plaintiffs' property which may have been created under the loan;
c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;
d. Statutory damages;
e. Forfeiture and return of loan proceeds;
f. Actual damages in an amount to be determined at trial;
g. Attorneys fees and expenses, and costs of suit; and
    i. Actual damages;
    ii. Treble damages;
    iii. Attorneys fees and expenses, and costs of suit; and
    iv. Punitive Damages.

## COUNT VIII
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
## ("UTPCPL")

64.    Paragraphs 1-63 are incorporated by reference as if fully set forth at length

herein.

65.     Plaintiffs and Defendants are "Person[s]" as defined by 73 Pa.C.S. §201-2.

66.     The UTPCPL proscribes, *inter alia*, engaging in any "unfair and deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

67.     The actions of Defendants, as aforesaid (incorporated by reference), constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

    a.   Defendants misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code §303.3(3);

    b.   Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

    c.   Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply with TILA, HOEPA, RESPA, ECOA and the FCEUA which are per se violations of the UTPCPL;

    d.   Defendants misrepresented to Plaintiffs that the loan would be beneficial when in fact it was not; and Defendants knew it was not, 79 P.S. §202-1(v); and

    e.   Defendants misrepresented the characteristics or benefits of the loan.

68.     As a direct and proximate result so the said actions, Plaintiffs have suffered harm (incorporated by reference).

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000), such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Rescission of the August 28, 2002 loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendants;

    b. Termination of any security interest in Plaintiffs' property which may have been created under the loan;

    c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

    d. Statutory damages;

    e. Forfeiture and return of loan proceeds;

    f. Actual damages in an amount to be determined at trial;

    g. Attorneys fees and expenses, and costs of suit; and

        i. Actual damages;

        ii. Treble damages;

        iii. Attorneys fees and expenses, and costs of suit; and

        iv. Punitive Damages.

## COUNT IX – PUNITIVE DAMAGES

69.    Plaintiffs incorporate by reference paragraphs 1 through 68 above as if fully set forth at length herein.

70.    The actions and misconduct set forth above of Defendants were extreme and outrageous and done intentionally and/or recklessly and/or maliciously by said Defendants against Plaintiffs

71.    Said actions and misconduct were done with bad motives and in wanton, willful and reckless disregard for the rights of Plaintiffs.

72.    Plaintiffs herewith aver that Punitive Damages are warranted by the aforesaid conduct and actions and as a result of the aforementioned conduct, which is herewith incorporated by reference.

**WHEREFORE**, Plaintiffs request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of one million dollars ($1,000,000.00), and such other and further relief as this Honorable

Court deems necessary and just.

MATTHEW B. WEISBERG, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

The facts contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. The language of this pleading is that of counsel and not of signer. This verification is made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

Signature

Matthew Weisberg
Print name

Counsel
TITLE

Date: 1/17/06

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2006 a true and correct copy of the foregoing Notice of

Removal was caused to be served on this date upon the following via first-class mail as follows:

    Matthew B. Weisberg
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

Respectfully submitted,

Sandhya M. Feltes, Esquire
**KAPLIN STEWART**
350 Sentry Parkway, Building 640
P.O. Box 3037
Blue Bell, PA 19422
610-941-2561
610-825-7076 (fax)
*Attorney for Defendants*

4